THE RURAL HOMESTEAD COMPANY et al., appellants,

*v.*

FRANK W. WILDES et al., respondents.

Where the stock of a cemetery company is almost without any market value, its exchange for an interest in land that may prevent disastrous competition, is not so improvident as to shock the conscience and lead, in equity, to an invalidation of the sale.

On appeal from a decree of the chancellor, whose opinion is reported in *Wildes* v. *Rural Homestead Co., 8 Dick. Ch. Rep. 425.*

*Mr. William H. Speer,* for the appellants.

*Mr. J. Flavel McGee,* for the respondents.

The opinion of the court was delivered by

GARRISON, J.

The bill exhibited in this cause by certain stockholders of the Rural Homestead Company sought the vacation of a sale made to said company by one Samuel W. Bowers, of his title to and interest in a certain tract of land in consideration of two hundred and thirty shares of the stock of said company.

The substantive charge of the bill was that the directors in office effectuated this sale to secure a continuance of their official positions.

The chancellor found this to be the scheme and decreed the vacation of the sale.

In reaching this result, one fundamental right is overlooked, viz., the right of Bowers, the purchaser of the stock. His claim to the *status* of a *bona fide* purchaser without notice was not successfully assailed. If, therefore, we agreed with the conclusions of the chancellor that the transaction was unconscientious

on the part of the directors, it would in no wise tend to affect the title of Bowers to the stock. We do not, however, concur with the chancellor in his interpretation of the facts. The stock, at the time of the purchase in question, was so depressed that, with a par value of $50, its selling value was $5. The land in question for statutory causes was the only source from which the directors could fear competition to their cemetery. To exchange stock that was almost worthless to suppress competition that might be most disastrous, does not, in my opinion, disclose an improvidence that should shock the conscience; on the contrary, such a deal appears to me to be, so far as the case shows, beyond reasonable criticism.

Leaving, therefore, the rights of Bowers out of the question, I am of opinion that there is no ground for annulling this sale. The decree must be reversed.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON—14.

*For affirmance*—None.